IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


PHILLIP MARC FABRE,                          3:11-CV-01379-BR

          Plaintiff,

                                             OPINION AND ORDER
v.

EAMON O'BRIEN [DPSST #48177]
(in his individual and
official capacities); JASON
MCLAUGHLIN [DPSST #37794](in
his individual and official
capacities); KELLY JONES
[DPSST #29204](in his
individual and official
capacities); ERIC STONEBERG
[DPSST #38956](in his
individual and official
capacity); JASON WATERBURY
[DPSST # 48978](in his
individual and official
capacities); DAVID PRUETT,
M.D. (in his individual and
official capacities); and
OLGA BENDINGER, M.D. (in her
individual and official
capacities),

          Defendants.


1 - OPINION AND ORDER

**PHILLIP MARC FABRE**
7833 S.E. 49th Avenue
Portland, OR 97206
(503) 475-4000

       Plaintiff, *Pro Se*

**ALAN A. RAPPLEYEA**
Washington County Counsel
**ELMER MANUEL DICKENS, JR.**
Assistant Washington County Counsel
155 N. First Avenue
Suite 340
Hillsboro, OR 97124
(503) 846-6225

       Attorneys for Defendants Eamon O'Brien, Jason
       McLaughlin, Kelly Jones, Eric Stoneberg, and Jason
       Waterbury

**KATIE M. EICHNER**
Lindsay Hart Neil & Weigler LLP
1300 S.W. Fifth Avenue, Suite 3400
Portland, OR 97201
(503) 226-7677

       Attorneys for Defendant David Pruett, M.D.

**ELIJAH B. VAN CAMP**
Brisbee and Stockton, LLC
P.O. Box 567
Hillsboro, OR 97123`
(503) 648-6677

       Attorneys for Defendant Olga Bendinger, M.D.


**BROWN, Judge.**

    This matter comes before the Court on the Motion (#11) to
Dismiss of Defendant David Pruett, M.D., and the Motion (#14) to
Dismiss of Defendant Olga Bendinger, M.D.  For the reasons that
follow, the Court **GRANTS** Defendants' Motions.


2 - OPINION AND ORDER

## BACKGROUND

The following facts are taken from Plaintiff Phillip Marc Fabre's Amended Complaint and the materials filed by Defendants in support of their Motions to Dismiss.

On December 22, 2009, after an interaction with Washington County Sheriff's Deputies, a "Peace Officer Hold" was placed on Plaintiff pursuant to Oregon Revised Statute § 426.228[1] based on suspected mental illness. Washington County Sheriff's Deputies transported Plaintiff to Providence St. Vincent Medical Center in Portland where Plaintiff was examined by Drs. Pruett and Bendinger.

After his examination, Plaintiff was placed on a hospital hold and detained at the Providence St. Vincent Medical Center pursuant to Oregon Revised Statute § 426.232(1)(a), which provides in pertinent part:

> (1) When a physician licensed to practice
> medicine by the Oregon Medical Board believes a
> person who is brought to a hospital or nonhospital
> facility by a peace officer under ORS 426.228
> . . . is dangerous to self or to any other person
> and is in need of emergency care or treatment for
> mental illness, the physician may. . . :

---

[1] Oregon Revised Statute § 426.228(1) provides in pertinent part: "A peace officer may take into custody a person who the officer has probable cause to believe is dangerous to self or to any other person and is in need of immediate care, custody or treatment for mental illness. . . . [A] peace officer shall remove a person taken into custody under this section to the nearest hospital or nonhospital facility approved by the Oregon Health Authority."

3 - OPINION AND ORDER

> (a)  After consulting with a physician or a
> qualified mental health professional . . .
> detain the person and . . . cause the person
> to be retained in a hospital where the
> physician has admitting privileges or is on
> staff.

On January 25, 2010, Plaintiff filed an action in Washington County Circuit Court (*Fabre I*) against "Providence St. Vincent's Hospital Psychiatric Care and Security Team" in which he asserted the Team violated his rights under the First, Fourth, and Fifth Amendments to the United States Constitution as well as his rights under the Oregon Constitution when they "held [him] for 6 days against [his] will."  Aff. of Elijah Van Camp, Ex. 1 at 1-2.

On February 23, 2010, the defendant filed a motion to dismiss *Fabre I* on the ground that Plaintiff failed to state a claim.  The Washington County Circuit Court granted the defendant's motion and dismissed *Fabre I* with prejudice on November 10, 2010.

On November 15, 2011, Plaintiff filed an action in this Court (*Fabre II*) against Eamon O'Brien, Jason McLaughlin, Kelly Jones, Eric Stoneberg, Jason Waterbury, Dr. Pruett, and Dr. Bendinger in which he alleged, among other things, that Drs. Pruett and Bendinger violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and falsely imprisoned Plaintiff.

On December 13, 2011, Plaintiff filed an Amended Complaint against the same Defendants in which he alleges, among other

4 - OPINION AND ORDER

things, that Drs. Pruett and Bendinger violated Plaintiff's rights under the First, Fourth, and Fifth Amendments to the United States Constitution; violated Plaintiff's rights under the Oregon Constitution; and falsely imprisoned Plaintiff.

On January 18, 2012, Dr. Pruett filed a Motion to Dismiss all of Plaintiff's claims against him.

On January 20, 2012, Dr. Bendinger filed a Motion to Dismiss all of Plaintiff's claims against her.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007). The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). "The court

5 - OPINION AND ORDER

need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).  The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment motion.  *Intri-Plex*, 499 F.3d at 1052.

Even after *Iqbal* and *Twombly*, the Ninth Circuit has held complaints of individuals who are proceeding *pro se*

> must be held to less stringent standards than
> formal pleadings drafted by lawyers, as the
> Supreme Court has reaffirmed since *Twombly*. *See
> Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct.
> 2197, 167 L. Ed. 2d 1081 (2007)(*per curiam*).
> *Iqbal* incorporated the *Twombly* pleading standard
> and *Twombly* did not alter courts' treatment of *pro
> se* filings; accordingly, we continue to construe
> *pro se* filings liberally when evaluating them
> under *Iqbal*.

*Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Accordingly, before the court dismisses a *pro se* complaint for failure to state a claim, the court still must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008).

## DISCUSSION

Drs. Pruitt and Bendinger move to dismiss Plaintiff's claims against them on the grounds of claim preclusion, the *Rooker-Feldman* doctrine, and failure to state a claim.

## I.  Claim-preclusion standards

Under the doctrine of claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent identical action against the same defendant or those in privity with that defendant. *Montana v. United States*, 440 U.S. 147, 153 (1979). *See also Poblete Mendoza v. Holder*, 606 F.3d 1137, 1140 (9th Cir. 2010)(same).

Claim preclusion "bars further litigation on a claim where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Poblete Mendoza,* 606 F.3d at 1140 (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

"'Privity' is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008)(quoting *Schimmels v. United States,* 127 F.3d 875, 881 (9th Cir. 1997)).

"For the purpose of claim preclusion, employees are

7 - OPINION AND ORDER

considered to be in privity with their employers." *Gleason v. Gilmour*, No. 08-CV-552-BR, 2010 WL 5017930, at *3 (D. Or. Dec. 3, 2010 (citing *Harrington v. Ward*, No. 06-460-CL, 2007 WL 2816214, at *4 (D. Or. Sept. 27, 2007)). *See also Vilches v. Multnomah Educ. Serv. Dist.*, No. 02-CV-294-AS, 2004 WL 1662074, at *13 (D. Or. May 5, 2004), *adopted by Order*, 2004 WL 1661986 (D. Or. July 23, 2004)(district employees named as defendants could have been named in appeal to Oregon Court of Appeals for review of agency action because the district is only able to act through the individual defendants, and, therefore, there was privity between the parties).

"Claim preclusion bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cumbre, Inc. v. State Comp. Ins. Fund*, 403 F. App'x 272, 272 (9th Cir. 2010)(citing *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009)). "'It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.'" *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078 (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 (9th Cir. 1998)).

**B.   Analysis**

Drs. Pruitt and Bendinger assert in their Motions that

Plaintiff's claims against them are barred by claim preclusion because Drs. Pruitt and Bendinger are in privity with the defendant in *Fabre I* and Plaintiff could have raised the same claims in *Fabre I*.  The Court agrees.  Because Drs. Pruett and Bendinger are employees of Providence St. Vincent Medical Center, they are in privity with the defendant in *Fabre I*.  Moreover, Plaintiff relies on the same facts in this action as he did in *Fabre I*, and this record does not indicate that Plaintiff could not have brought in *Fabre I* the claims asserted here against Drs. Pruitt and Bendinger before the Washington County Circuit Court dismissed *Fabre I* with prejudice.

On this record the Court concludes Plaintiff now seeks to bring claims against Drs. Pruitt and Bendinger that he could have brought against them in *Fabre I,* and, therefore, Plaintiff's claims are barred by claim preclusion.  The Court, therefore, does not address Defendants' other arguments.  Because it is clear these deficiencies cannot be cured by amendment, the Court declines to give Plaintiff leave to amend with respect to his claims against Drs. Pruett and Bendinger.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion (#11) to Dismiss of Defendant David Pruett, M.D., and the Motion (#14) to Dismiss of Defendant Olga Bendinger, M.D., and **DISMISSES with**

9 - OPINION AND ORDER

**prejudice** Plaintiff's claims against Drs. Pruett and Bendinger.

IT IS SO ORDERED.

DATED this 23rd day of May, 2012.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER